## Palisades Manor Estates v. Chapman

*Devon C. O'Leary*, for plaintiff
*Daniel G. Vitek*, for defendant

WETTICK, *J.*, June 4, 2013—Plaintiff's motion for reconsideration of rental payments is the subject of this opinion and order of court.

Defendant entered into a lease agreement for subsidized programs (exhibit A to plaintiff's complaint) with plaintiff beginning September 1, 2010 for property located at 1000 Palisades Manor Apartments, Unit 1104, Rankin, PA. Due to her limited financial means, defendant qualifies for reduced rent supplemented by the Department of Housing and Urban Development ("HUD").

When defendant first moved into the residence, her rent was $133 per month with HUD paying an additional $748 per month for a total market rent of $881. Her rent was most recently calculated to be $141 with HUD paying the balance of $740 per month.

The agreement provides for an initial term beginning 9/1/2010 and ending 8/31/2011. The agreement provides that after the initial term ends, the agreement will continue for successive terms of one year each unless terminated as

permitted by ¶23 of the agreement.[1]

Plaintiff instituted proceedings before a magisterial district judge for possession and damages, including back rent. On February 25, 2013, a judgment was entered in plaintiff's favor granting possession and rent in arrears of $794. The notice of judgment stated that the amount of rent per month, as established by the magisterial district judge, is $141. The judgment was entered on March 6, 2013.

Defendant appealed. The notice of rental payment issued by the department of court records stated that defendant's monthly rental payment, in order for the appeal to operate as a supersedeas, is $141.

In its complaint filed in this court, plaintiff seeks possession based on factual allegations described in a notice to quit and the complaint which constitute grounds for eviction under ¶23(c) of the agreement.

In February 2013, plaintiff asked HUD to stop paying the subsidy. In response to this request, HUD's payments ceased as of the end of February.

Through its motion for reconsideration, plaintiff requests a court order increasing the monthly payments that defendant must make, in order for her appeal to operate as a supersedeas, to the full amount of the rental contract of $881. Plaintiff's proposed order provides for defendant to be evicted for nonpayment of the monthly rent of $881 if the full amount, based on a monthly payment of $881

---

1. Although plaintiff contends termination may be automatic pursuant to ¶2 of the agreement, ¶2 subjects termination to ¶23.

beginning in March 2013, is not paid within ten days.

It is plaintiff's position that it can terminate the lease without proving in a court proceeding that it had grounds for eviction. Defendant, on the other hand, contends that a tenant of subsidized housing may not be evicted without a court hearing establishing grounds for the eviction.

A tenant eligible for subsidized housing is not in a position to pay the market rent. Thus, if a landlord can unilaterally increase the monthly rent which the tenant must pay by rejecting the HUD subsidy, this would result in evictions without a hearing contrary to both the requirements of HUD and Pennsylvania state law, which allow a tenant to remain in the rental premises while the proceedings are pending as long as the tenant pays his or her share of the monthly rent. If a landlord choses not to accept payments for the monthly rent from HUD, it cannot contend that the tenant has failed to keep his or her end of the bargain. The tenant relies on 24 C.F.R. 247.6(a) which states that the "landlord shall not evict any tenant except by judicial action pursuant to State or local law and in accordance with the requirements of this subpart."

In the present case, the landlord seeks to evict without a ruling that it has grounds for eviction by the device of cancelling the HUD subsidy. In other words, plaintiff seeks to evict defendant without pursuing the judicial process contrary to 24 C.F.R. 247.6(a).

Furthermore, under Pa.R.C.P.M.D.J. No. 1008C(3) (b)(iii), when the tenant is a participant in the Section 8 program, a tenant shall pay the tenant's share of the rent in order for the appeal to operate as a supersedeas. Also, the

Section 8 tenant's supersedeas affidavit, Rule 1008C(2), provides for the tenant to set forth the amount of monthly rent the tenant personally pays to the landlord and to certify that the tenant is "a participant in the Section 8 program and ... not subject to a final (i.e., non-appealable) decision of a court or government agency which terminates [the tenant's] right to receive Section 8 assistance based on [the tenant's] failure to comply with program rules."

Under these provisions, for the supersedeas to apply, the tenant is required to pay only the amount of monthly rent that he or she personally pays to the landlord where, as in this case, there is no decision of a court or government agency terminating the right to receive Section 8 assistance.

Finally, the lease permits the landlord to implement changes in the tenant's rent or tenant assistance payment only under limited circumstances, none of which is present in this case.

For these reasons, I enter the following order of court:

ORDER OF COURT

On this 4th day of June, 2013, it is hereby ordered that plaintiff's motion for reconsideration of rental payments is denied.